```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____          │
│ DATE FILED: 6/27/11              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                        :

SANDHYA CHALASANI,
                         :

               Plaintiff,        :        10 Civ. 01045 (GBD) (DF)

                         :

       -against-                   **REPORT AND**
                         :        **RECOMMENDATION**
UNITED CEREBRAL PALSY,
                         :

              Defendant.
------------------------------------------------------------X

**TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

By Order dated June 1, 2011 (Dkt. 15, a copy of which is attached hereto for reference),

this Court expressly cautioned *pro se* plaintiff Sandhya Chalasani ("Plaintiff") that, if, by

June 15, 2011, she had *still* not responded to the outstanding discovery requests of defendant

United Cerebral Palsy ("Defendant"), despite several extensions and repeated court orders

requiring her to do so, this Court would recommend dismissal of her action without prejudice,

pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure.

Yet, on June 13, 2011, Plaintiff wrote to the Court, requesting "another month of

extension." (Letter to the Court from Plaintiff, dated June 13, 2011 (Dkt. 16).) This time, in her

letter, Plaintiff states that "the lawyers [she has] contacted previously have not worked out" and

that she has been "experiencing hardship due to depression and back problems, which have

complicated [her] situation." (*Id.*) While this Court would ordinarily seek to accommodate a

*pro se* litigant who makes a showing of physical or mental health difficulties, Plaintiff makes no

such showing here, apart from her bare assertions. Further, Plaintiff's most recent letter should

be viewed in the larger context of her conduct in this action to date. In that light, Plaintiff's

letter appears to be part of the same pattern of delay and non-compliance that she has exhibited

steadily, since the commencement of her case. (*See* case history described in the Court's June 1 Order; *see also* Letter to the Court from Defendant, dated June 20, 2011 (Dkt. 17).)

Accordingly, for the reasons stated in detail in the Court's June 1 Order, I respectfully recommend that this case be DISMISSED without prejudice, pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, and that the case be closed on the Court's Docket.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with George B. Daniels, United States Courthouse, 500 Pearl Street, Room 630, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
       June 27, 2011

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

2

<u>Copies to:</u>

Ms. Sandhya Chalasani, *pro se*
95-14 68th Avenue
Forest Hills, NY 11375

Andrea Green, Esq.
Kehl, Katzive & Simon, LLP
317 Madison Avenue, 21st Flr.
New York, NY 10017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                             :
SANDHYA CHALASANI,                           :
                                             :
                        Plaintiff,           :
                                             :
        -against-                            :
                                             :
UNITED CEREBRAL PALSY,                       :
                                             :
                        Defendant.           :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6 | 1 | 2011

10 Civ. 01045 (GBD) (DF)

**MEMORANDUM
AND ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this employment discrimination case, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, *pro se* plaintiff Sandhya Chalasani ("Plaintiff") asks the Court to request *pro bono* counsel to represent her. (*See* Application for the Court to Request Counsel, filed February 18, 2011 ("Counsel Application") (Dkt. 14).)  For the reasons set forth below, the application is denied without prejudice.

In addition, as Plaintiff has repeatedly failed to comply with the Court's discovery Orders and to participate in the discovery process, Plaintiff is cautioned that, if, within two weeks of the date of this Order, she has *still* not served responses to Defendant's outstanding document requests and interrogatories, this Court will, at that time, recommend that this action be dismissed without prejudice, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, for failure to comply with the Court's Orders, and Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.

1

## BACKGROUND

### A.   Plaintiff's Complaint

In her Complaint, Plaintiff, who is from India, alleges that her former employer, defendant United Cerebral Palsy ("Defendant"), discriminated and retaliated against her on the basis of her national origin, by, *inter alia,* treating her differently than other, similarly-situated employees in terms of her pay, benefits and work schedule; by subjecting her to harassment in the workplace; and by unfairly terminating her employment. (*See* generally Complaint, dated Jan. 8, 2010 ("Compl.") (Dkt. 2).) Plaintiff seeks damages for lost wages and benefits, as well as compensation for mental suffering. (*Id.*, at ¶ IV.)

### B.   Procedural History

This case was referred to me for general pretrial supervision by the Honorable George B. Daniels, U.S.D.J. (Dkt. 3), and this Court held an initial pretrial conference on September 30, 2010. At that conference, the Court directed the parties to make initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than October 22, 2010, to serve initial document requests and interrogatories no later than November 12, 2010, and to serve and file any motion to amend the pleadings no later than December 31, 2010. (*See* Scheduling Order, dated Oct. 4, 2010 (Dkt. 9).) The Court set a deadline of January 31, 2011 for the conclusion of fact discovery, and set a follow-up conference date of December 8, 2010. (*Id.*)

On November 12, 2010, Plaintiff wrote to the Court, requesting a two-week extension, on consent, of the November 12 deadline for service of initial discovery requests. (Letter to the Court from Plaintiff, dated Nov. 12, 2010.) Then, on November 30 (after the requested two weeks had elapsed), Plaintiff wrote to the Court again, stating:

> I write to request additional time to compile my interrogatories to
> the defendants, so that I may retain legal counsel. I am actively
> seeking representation, but finding a lawyer within my budget has
> proven difficult. I am certain that I will find adequate
> representation shortly, but I do require an extension (a month
> should suffice) so I may organize my materials and present my
> case to the defendants as competently as possible. I will be
> keeping my court date, scheduled for December 8, but I wanted to
> notify you now that I need more time for preparation.

(Letter to the Court from Plaintiff, dated Nov. 30, 2010.) On December 7, Plaintiff then wrote to

the Court a third time, making the identical statements quoted above, except adding a request

that the deadline for motions to amend the Complaint also be extended by 30 days, to

January 31, 2011, and that the close of fact discovery be extended similarly to March 1, 2011.

(Letter to the Court from Plaintiff, dated Dec. 7, 2010.)

On December 8, 2010, the Court held its second conference with the parties. At the

conference, Plaintiff represented that she was, at that time, in the process of retaining counsel.

The Court directed her to make best efforts to secure the representation of counsel by

December 17, and to instruct any attorney she retained to file a Notice of Appearance by that

date. (*See* Scheduling Order, dated Dec. 16, 2010 (Dkt. 11), at ¶ 1.) The Court also granted

Plaintiff's requests to extend the discovery deadlines, but instructed Plaintiff that she would be

expected to meet the revised deadlines, regardless of whether she had been able to retain counsel

by that point. (*See id.,* at ¶ 2.) The Court extended Plaintiff's deadline for serving her initial

document requests and interrogatories to December 23, 2010, directed her to respond to

Defendant's outstanding discovery requests by January 28, 2011, and extended her time to move

to amend the Complaint to February 18, 2011. (*Id.*) The Court also extended the deadline for

3

completion of fact discovery to March 31, 2011, and set a follow-up conference date of

February 4, 2011.  (*Id.*)[1]

By letter dated January 27, 2011 (received by the Court on January 28), Plaintiff again

wrote to the Court, this time stating:

> I am writing concerning the January 28, 2011 extension deadline
> granted for responding to the interrogatories by the defendant.
> Despite repeated efforts, I have been unable to retain counsel for
> my case. The conflicting winter holidays and busy schedules of
> those I sought for aid have lead [*sic*] to delays and ultimately the
> inability to find much needed legal counseling. As a result I ask
> that you might grant me a further extension in seeking legal aid.

(Letter to the Court from Plaintiff, dated Jan. 27, 2011.)  By letter dated February 2, 2011,

Defendant opposed Plaintiff's request for a further extension, noting that, rather than comply

with the Court's last Scheduling Order, Plaintiff had "waited until the last minute, approximately

6:00 p.m. on January 28, to serve [Defendant's counsel] with a letter requesting this latest

extension." (Letter to the Court from Andrea Green, Esq., dated Feb. 2, 2011.)  Defendant also

noted that, in seeking this further extension for the purpose of obtaining "legal aid," Plaintiff had

ignored the Court's direction that, if she had not yet retained counsel by the modified discovery

deadlines, she would nonetheless be required to proceed, without counsel. (*See id.*, at 2.)  Under

the circumstances, Defendant suggested that Plaintiff's request for a further extension was

"simply a delaying tactic." (*Id.*)

After reviewing both parties' submissions, the Court directed Plaintiff to serve her

written responses to Defendant's interrogatories no later than at the February 4 conference. (*See*

---

[1] The Court noted that, if counsel were to appear for Plaintiff prior to February 4, 2011,
then counsel should promptly contact opposing counsel to schedule a telephonic case
management conference with the Court, in lieu of the February 4 in-person conference. (*See id.*,
at ¶ 3.)

*id.* (Dkt. 12 (Mem. Endors.)).)  To make certain that Plaintiff received notice of this directive,

my Chambers reached out to her on February 2, leaving her a voicemail message explaining the

Court's ruling.  On February 3, 2011, Plaintiff returned Chamber's telephone call, asking for a

further extension.  Plaintiff was again informed of the Court's February 2 Order, but Plaintiff

stated that she would not be able to respond to the interrogatories by the next day because she

did not have an attorney and her English was "not that great."

On February 4, 2011, the parties appeared again before the Court.  At that time, Plaintiff

handed a letter to the Court, dated February 3, in which Plaintiff stated:

> Of the many lawyers that I have contacted for counsel, the few that
> have responded are overwhelmed with cases or demand exorbitant
> fees that I cannot afford.  I am still waiting to hear from NELARS
> and other agencies that I have contacted to connect me with a
> lawyer to help me with my case.  I have made every effort on my
> part to find a lawyer.
>
> I have done work on the interrogatory documents, but I would feel
> more confident having an attorney look at them.  As they are right
> now, I suspect that they are rough drafts, and believe that an
> attorney will be able to make them ready for court.
>
> I request that the case be stayed.  If this cannot be done, as an
> alternative, I request to be granted an extension.  I'm not asking for
> a two month extension; in my own interest, I want this case to
> proceed as quickly as possible and in the right way.
>
> I hope you understand my situation. . . .

(Letter to the Court from Plaintiff, dated Feb. 3, 2011.)  The Court reviewed Plaintiff's letter and

heard from both parties.  It then explained to Plaintiff – as it had explained previously – that,

having chosen to commence the action *pro se,* Plaintiff would be required, on a *pro se* basis, to

comply with any Orders issued by the Court.  The Court further explained that it was not

prepared to stay the action while Plaintiff continued to seek counsel.  The Court determined that

5

the basic tasks that Plaintiff was being instructed to perform in discovery, including responding

to initial document requests and interrogatories, should not be too difficult for her, and informed

Plaintiff that her discovery responses could always be supplemented at a later date, if necessary.

The Court extended, for the fourth time, Plaintiff's deadline for responding to Defendant's

outstanding document requests and interrogatories, directing that Plaintiff serve her responses no

later than February 25, 2011. (*See* Scheduling Order, dated Feb. 4, 2011 (Dkt. 13).) The Court

extended the deadline for the close of fact discovery to April 29, 2011, and set another

conference date for March 8, 2011. (*Id.*)

On February 18, 2011, Plaintiff filed an application for the Court to request *pro bono*

counsel to represent her in this action. (Dkt. 14.) In her application, Plaintiff stated, *inter alia,*

as follows:

> I have contacted National Employment Lawyers Association
> several times, and I have also contacted the Asian Legal Defense
> Fund, Hudson Legal, New York University free legal clinic, and
> other private attorneys. The attorneys I have spoken to have been
> unwilling to take my case on a contingency basis: they have
> instead requested fees which I cannot afford at this time. Many
> attorneys have also told me that they are unwilling to take my case
> because I have already filed a complaint and conducted discovery
> pro se. I have met with several attorneys but have been unable to
> find any who are willing to take my case for a fee that I can afford.
> I am continuing to search for an attorney who will do so.

(*Id.,* at ¶ 8.)

Then, on March 1, 2011, the Court received a letter from Plaintiff dated February 24, 2011 (a

day before the last-modified deadline for responding to Defendant's discovery requests), in

which Plaintiff stated:

> I previously applied to the court for legal counsel however, I am
> currently conducting a search on my own in order to obtain a
> lawyer. In addition, I have not yet heard back concerning a free

6

> counsel lawyer from the court. The lawyers with whom I have
> spoken to [sic] have told me that it would be best to take my case
> only if they are able to handle the entirety of the proceedings. As a
> result, I am requesting two additional weeks because I am still in
> the process of retaining a lawyer and they would like to take the
> case from the beginning, which includes handling of the discovery,
> interrogations, amending of the complaint, etc.

(Letter to the Court from Plaintiff, dated Feb. 24, 2011.)

On March 8, 2011, the Court held another conference in this matter. As of that date,

Plaintiff had still not complied with the Court's Order regarding service of her responses to

Defendant's outstanding discovery requests. At the conference, the Court gave Plaintiff a *final*

deadline to do so; specifically, the Court directed Plaintiff to respond to Defendant's initial

document requests and interrogatories no later than 5:00 p.m. on Monday, March 14, 2011,

*whether or not Plaintiff had retained counsel.* The Court made it extremely clear to Plaintiff that

her continued failure to meet the Court's directive in this regard could result in negative

consequences to her, including the potential dismissal of her case for failure to prosecute the

action.

Plaintiff did not respond to Defendant's discovery demands by March 14. Rather, by

letter of that date, Plaintiff wrote to the Court, stating:

> Due to delays related to NYU's pro bono program, I have
> been unable to retain counsel or prepare the requested documents
> for discovery. I am finalizing an agreement with a private lawyer
> by the end of this week. The private attorney will call and
> schedule a conference with the defense counsel in order to put the
> case back on schedule as well as notify the Court. The private
> attorney will also arrange to have the relevant documents turned
> over to the defendant.

(Letter to the Court from Plaintiff, dated Mar. 14, 2011 ("Pl. 3/14/11 Ltr.").)

On Friday, March 18, 2011, which would have been the "end of the week" in question, Defendant wrote to the Court, stating that Defendant had still not received any discovery responses from Plaintiff. (Letter to the Court from Andrea Green, Esq., dated Mar. 18, 2011 ("3/18/11 Green Ltr.").) Nor had Defendant been supplied with the name of the attorney who supposedly would be representing Plaintiff, nor had Defendant been contacted by any such attorney. Arguing again that Plaintiff was engaged in delay tactics, and that the delay was unduly prejudicial to Defendant, Defendant requested that this action be dismissed as a sanction pursuant to Rule 37(b)(2)(A)(v) (for failure to comply with the Court's discovery orders), and for failure to prosecute. (*See id.*, at 2.)

The Court has received no response from Plaintiff to Defendant's application for dismissal of the action, and, indeed – although more than two months have now passed from the date of that application – the Court has received no further communications from Plaintiff at all. Despite Plaintiff's representation in March that she was in the process of "finalizing" an agreement to retain counsel, the Court's Docket does not reflect that any attorney has ever filed a Notice of Appearance on her behalf. Further, as far as the Court is aware, Plaintiff has never responded to Defendant's long-outstanding discovery requests.

## DISCUSSION

I.   **PLAINTIFF'S COUNSEL APPLICATION**

Unlike criminal defendants, indigents filing civil actions have no constitutional right to counsel. *Barzey v. Daley*, No. 99 Civ. 11917 (BSJ) (KNF), 2000 WL 959713, at *1 (S.D.N.Y. July 11, 2000). Thus, the Court may not simply "appoint" counsel to represent an indigent plaintiff. The Court may, however, under 28 U.S.C. § 1915(e)(1), request an attorney to represent any person unable to afford counsel. Here, Plaintiff was granted permission to proceed

8

*in forma pauperis* by this Court on February 5, 2100. (*See* Dkt. 1.)  Therefore, Plaintiff has

demonstrated that she is indigent and cannot afford counsel.

      In deciding whether to request *pro bono* counsel for an indigent plaintiff, "[a] district

[court] should first determine whether the indigent's position seems likely to be of substance."

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802

F.2d 58, 61-62 (2d Cir. 1986)).  In order to make such a determination, the Court must decide

whether, "from the face of the pleadings," *Stewart v. McMickens*, 677 F. Supp. 226, 228

(S.D.N.Y. 1988), the claims asserted by the plaintiff "may have merit," or the plaintiff "appears

to have some chance of success." *Baskerville v. Goord*, No. 97 Civ. 6413 (BSJ) (KNF), 2001

WL 527479, at *1 (S.D.N.Y. May 16, 2001) (citations omitted); *see also Hodge*, 802 F.2d at

60-61.  While the Court should not appoint counsel "indiscriminately" just because an indigent

litigant makes such a request, it is not necessary for the plaintiff to demonstrate that her claims

will survive a motion to dismiss or a motion for summary judgment; rather, the Court must find

that the claims satisfy a "threshold showing of merit." *Hendricks*, 114 F.3d at 393-94.

      In this case, Plaintiff alleges, *inter alia,* that Defendant discriminated against her in the

workplace on the basis of her national origin and that Defendant engaged in retaliatory conduct

when she complained of discrimination. (*See generally* Compl.)  Although Defendant has

asserted defenses to Plaintiff's claims, Plaintiff's allegations, if proven, may be sufficient to

demonstrate a Title VII violation.  Her claims thus appear to have at least some "chance[] of

success," satisfying the requirement that she make a "threshold showing of merit." *See*

*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989).

      Where a plaintiff satisfies the threshold requirement of demonstrating that her position is

likely to be of substance, the Court should then consider factors such as: (1) the plaintiff's

ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (3) the plaintiff's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in the case why appointment of counsel would be more likely to lead to a just determination. *See Hodge*, 802 F.2d at 61-62; *see also Hendricks*, 114 F.3d at 394-95. The Court should also consider whether the plaintiff has attempted to obtain a lawyer, and whether a lawyer is available to assist the plaintiff. *See Cooper*, 877 F.2d at 172.

For an explanation as to why she feels she needs counsel in this case, Plaintiff asserts her belief that her "case will require extensive discovery," that Defendant has, thus far, "been reluctant to comply with [her] discovery requests," and that she "will require someone with a professional understanding of the discovery rules in order to acquire the evidence [Plaintiff] will need to prove [her] case." (Counsel Application, at 3.) Plaintiff also explains that she has had difficulty calculating her damages on her own and that she is "very uncertain of [her] ability to adequately represent [herself]," given the "complex array of legal issues" presented by her Complaint. (*Id.*) For the most part, these are generalized assertions that are insufficient to justify a request for counsel. Plaintiff has not demonstrated any actual inability to investigate her claims. She also has not demonstrated that there is any conflicting evidence regarding the facts underlying her claims. Further, although Plaintiff states that the legal issues presented are complex, her claims are of a type frequently presented in this Court, and, at least at this juncture, the Court does not perceive that the case will turn on any particularly complicated issues of fact or points of law. Plaintiff also has not offered any special circumstances that would warrant a

request for counsel in this case; Plaintiff is not incarcerated, for example, nor does she suffer from mental illness, any claimed disability, or language difficulties.[2]

Moreover, although Plaintiff suggests that she needs an attorney because Defendant has "been reluctant to comply" with her discovery requests (*id.*), it is, in fact, *Plaintiff* who has demonstrated such recalcitrance. To date, Plaintiff has failed to make any response to even the simplest of discovery requests, flatly refusing to comply – or even to try to comply – with the Court's discovery Orders. Finally, in her last communication with the Court, Plaintiff represented that she was in the process of "finalizing an agreement with a private lawyer." (Pl. 3/14/11 Ltr.) Given that representation, it would be inappropriate for the Court to utilize its limited resources to seek *pro bono* counsel for Plaintiff.

Upon considering the totality of the circumstances, the Court concludes that an order requesting that *pro bono* counsel take on this case would not be warranted at this time. Plaintiff's counsel application (Dkt. 14) is therefore denied without prejudice to Plaintiff's right to renew her application, in the event that (a) Plaintiff is not able to retain counsel, despite her most recent representation to the Court that she was actually in the process of finalizing an agreement with an attorney, (b) the Court determines that this litigation should proceed (*see* discussion below regarding the potential dismissal of the action), and (c) the litigation reaches a stage where the issues before the Court become more complex, or it otherwise becomes apparent that Plaintiff is unable to proceed effectively without legal representation.

---

[2] Although, as noted above, Plaintiff at one point informed the Court that she has difficulties with English, she has consistently been able to present her positions clearly, both orally and in writing, and has not demonstrated any lack of ability to understand the statements made by either Defendant's counsel or the Court.

11

## II.   POTENTIAL DISMISSAL OF PLAINTIFF'S CLAIMS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS OR TO PROSECUTE THIS ACTION

Rule 37 of the Federal Rules of Civil Procedure provides that, if a party fails to obey a discovery order, the Court "may make such orders in regard to the failure as are just," including but not limited to orders that certain facts be taken as established, that the noncompliant party be precluded from supporting its claims or introducing certain matters in evidence, that the party's pleadings or portions of its pleadings be stricken, that the action be stayed pending compliance, that the party's claims be dismissed, or that the party be held in contempt. Fed. R. Civ. P. 37(b)(2).[3] It is well established that "the court has broad discretion to determine the type of sanction to impose upon a party, based on all the facts of the case." *AAIpharma Inc. v. Kremers Urban Dev. Co.*, No. 02 Civ. 9628 (BSJ)(RLE), 2006 U.S. Dist. LEXIS 79815, at *13 (S.D.N.Y. Oct. 31, 2006) (citing *Dimensional Sound, Inc. v. Rutgers Univ.*, No. 92 Civ. 2350 (DLC), 1996 U.S. Dist. LEXIS 188, at *9-10 (S.D.N.Y. Jan. 10, 1996)).

Dismissal of a claim, however, which Defendant seeks in this case as a discovery sanction, "is an extreme sanction, to be imposed only in extreme circumstances." *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 734 (2d. Cir. 1987) (citation omitted). Before such a severe sanction is imposed, the Court should consider the appropriateness and adequacy of a lesser sanction. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007) (noting that "sanction of dismissal is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions"

---

[3] The Rule also provides that, "[i]n lieu of [such an order] or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *Id.*

12

(internal quotation marks and citations omitted)).  Sanctions under Rule 37 are intended (1) to

ensure that a party will not benefit from its failure to comply with a court order, (2) to obtain the

party's compliance, and (3) to serve as a deterrent.  *See Update Art, Inc. v. Modiin Publ'g, Ltd.,*

843 F.2d 67, 71 (2d Cir. 1988) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427

U.S. 639 (1976)); *Dimensional Sound*, 1996 U.S. Dist. LEXIS 188, at \*9 (citation omitted).

With these purposes in mind, "Rule 37 permits the imposition of 'just' sanctions," and thus "the

severity of [the] sanction must be commensurate with the non-compliance." *Shcherbakovskiy,*

490 F.3d at 140.  The Court's discretion in selecting an appropriate sanction should be guided by

a number of factors, including:

> (1) the willfulness of the non-compliant party or the reason for the
> noncompliance; (2) the efficacy of lesser sanctions; (3) the
> prejudice to the other party; (4) the duration of the period of
> noncompliance; and (5) whether the non-compliant party had been
> warned of the consequences of [her] noncompliance.

*Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002) (citation omitted); *see also*

*USA Gateway, Inc. v. Spring Travel*, No. 03 Civ. 4026 (JFK)(RLE), 2004 U.S. Dist. LEXIS

26139, at \*9-10 (S.D.N.Y. Dec. 30, 2004) (listing similar factors for the Court to consider in

fashioning a sanction under Rule 37 (citation omitted)).

    In this instance, the Court is confronted with a Plaintiff who has repeatedly sought

extensions of time with respect to discovery (always at the last minute), ostensibly so that she

could retain counsel before engaging in discovery.  Yet, in a series of case management

conferences, the Court repeatedly informed Plaintiff that, upon consideration of the nature of her

claims, the type of discovery that would be sought at the outset of the case, and the Court's view

of her ability to proceed *pro se,* the Court deemed it best for at least certain basic discovery to

commence.  At each conference, the Court explained to Plaintiff that, even while she was

seeking counsel, she would be expected to meet the discovery deadlines set by the Court. Still, despite the Court's explanations and increasingly strong admonitions that Plaintiff would need to cooperate in discovery, she has not done so. At this point, Plaintiff is in flagrant non-compliance with the Court's Scheduling Order, and it is clear that her decision to violate the Court's directives have been knowing and deliberate. It is more than apparent that Plaintiff was aware of the Court's discovery Orders, fully understood that she needed to take certain steps to proceed with this case, and, even though she might have preferred to act through counsel, was capable of taking those steps on a *pro se* basis. Thus, the Court concludes that Plaintiff's noncompliance with the Court's discovery Orders was "wilfull." *See Baba v. Japan Travel Bureau Int'l Inc.*, 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996) (noncompliance with discovery orders "is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control" (citations omitted)).

Defendant also argues that it has suffered prejudice as a result of Plaintiff's delays to date, noting that it is "a not-for-profit organization with limited resources," that the delays have been "very costly," and that it has become "increasingly difficult to defend this action" in light of fading memories and the fact that, since the time of Plaintiff's termination nearly three years ago, witnesses have already become "unavailable." (3/18/11 Green Ltr. at 1.) While, at this early stage of the litigation, the Court does not find that the prejudice caused by Plaintiff's delay has been severe, Defendant is surely entitled to discovery so as to be able to defend itself, and it should not be made to wait for months for Plaintiff to produce basic information about her claims. Similarly, while the fact that this case is in such an early stage may lessen the impact of Plaintiff's non-compliance, it has now been several months since Plaintiff was first directed to respond to Defendant's discovery requests, and the period of Plaintiff's non-compliance has only

14

increased in duration since the passing of the Court's "final" deadline in March. Indeed, the

Court initially set a cut-off date of January 31, 2010, for the completion of *all* fact discovery in

this case, and, four months past that date, Plaintiff has still not responded to initial discovery

demands.

The Court further notes that it specifically reviewed with Plaintiff each of the potential

sanctions that she could face under Rule 37(b), including the potential sanction of dismissal,

should she continue to fail to comply with the Court's Orders. As for the efficacy of any

sanction short of dismissal, it is not clear that any of the lesser sanctions enumerated in

Rule 37(b)(2)(A) would be effective at securing Plaintiff's compliance with the Court's Orders,

nor that any of those potential sanctions would even make sense in the circumstances presented.

As Plaintiff has essentially done nothing to prosecute her case to date, it would be difficult for

the Court to determine, for example, which "designated facts" should be "taken as established,"

*see* Fed. R. Civ. P. 37(b)(2)(A)(i), or what "designated matters" Plaintiff should be precluded

from introducing in evidence, *see* Fed. R. Civ. P. 37(b)(2)(A)(ii). Certainly, the sanction of

"staying" these proceedings pending Plaintiff's compliance would be counter-productive, as

Plaintiff has already succeeded in delaying the proceedings, contrary to the Court's directive that

she move forward.

A review of the relevant factors therefore suggests that the Court should dismiss

Plaintiff's claims under Rule 37(b). Moreover, in the circumstances presented, dismissal of

Plaintiff's case would also be appropriate under Rule 41(b). Under this Rule, a plaintiff has a

general obligation to prosecute her case diligently. *See Lyell Theatre Corp. v. Loews Corp.*, 682

F.2d 37, 43 (2d Cir. 1982). If a plaintiff fails to do so, the Court may dismiss the action, for

failure to prosecute. *See* Fed. R. Civ. P. 41(b). In fact, "[a] plaintiff's lack of diligence alone is

15

enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation

omitted). The Court is not required to provide notice of the dismissal. *See id* at 524. As courts

in this Circuit have held, "such dismissal is largely a matter of the judge's discretion." *Id.*

Indeed, because district courts are "necessarily vested" with the control required "to manage

their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court

may even dismiss an action with prejudice, where a plaintiff fails to prosecute her case. *Link v.*

*Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

In deciding whether to dismiss an action for failure to prosecute, the Court should

consider factors similar to those discussed above, in the context of Rule 37.  Specifically, the

Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether

plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the

defendant is likely to result; (4) whether the court balanced its interest in managing its docket

against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court

adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v.*

*Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn.*

*Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).  For essentially the same reasons

discussed above, these factors weigh in favor of dismissal under Rule 41(b).

Nonetheless, and despite the fact that dismissal here would be warranted, both as a

discovery sanction and under Rule 41(b), the Court is reluctant to recommend that such a severe

sanction be imposed at this juncture, given Plaintiff's *pro se* status, her appearances at

conferences, and her apparent personal concerns about going forward without an attorney.

Accordingly, and even though the Court has *already* cautioned Plaintiff that the last deadline it

set for her to respond to Defendant's discovery demands would be considered "final," the Court

will afford Plaintiff one further opportunity to comply with the Court's Orders and to move this case forward.

Plaintiff is hereby directed to respond to Defendant's outstanding document requests and interrogatories no later than two weeks from the date of this Order.  If she still fails to do so, this Court *will*, at that time, recommend to Judge Daniels that her claims be dismissed without prejudice to her reasserting them at a later date, when she is more prepared to move forward.[4]

## CONCLUSION

For the foregoing reasons, Plaintiff's application to the Court to request *pro bono* counsel (Dkt. 14) is denied, without prejudice.  If Plaintiff fails to respond, fully and in writing, to Defendant's outstanding document requests and interrogatories by June 15, 2011, this Court will recommend that her case be dismissed, without prejudice.

Dated: New York, New York
       June 1, 2011

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

---

[4] Plaintiff should be aware that, if the instant action is dismissed, its pendancy would not have tolled the relevant statute of limitations, and thus any reasserted claims would have to be asserted within the applicable limitations period.

Copies to:

Ms. Sandhya Chalasani, *pro se*
95-14 68th Avenue
Forest Hills, NY 11375

Andrea Green, Esq.
Kehl, Katzive & Simon, LLP
317 Madison Avenue, 21st Flr.
New York, NY 10017

18