USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: AUG 10 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
SANDHYA CHALASANI,

                Plaintiff,

              -against-

UNITED CEREBRAL PALSY,

                Defendant.

------------------------------------x

MEMORANDUM DECISION
AND ORDER
10 Civ. 1045 (GBD)(DF)

GEORGE B. DANIELS, United States District Judge:

Pro se Plaintiff Sandhya Chalasani brought this Title VII employment discrimination action against United Cerebral Palsy. This Court referred the matter to Magistrate Judge Debra Freeman for general pretrial supervision. After Plaintiff failed to comply with multiple discovery orders, Magistrate Judge Freeman issued a Report and Recommendation ("Report") recommending that this Court dismiss this action pursuant to Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v.

1

Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). In her Report, Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff did not file a timely objection to the Report.[1]

Though dismissal under Rules 37(b) and 41(b) is a harsh remedy and the Plaintiff is pro se, Magistrate Judge Freeman properly recommended that this Court dismiss Plaintiff's complaint. Plaintiff received many warnings from Magistrate Judge Freeman that further delay could result in dismissal. She was also granted several extensions. However, Plaintiff repeatedly failed to comply with Judge Freeman's discovery orders, demonstrating a pattern of delay and non-compliance. As of July 2011, Plaintiff never responded to Defendant's November 2010 initial discovery requests. Thus, dismissal without prejudice under Rule 37(b) and 41(b) is appropriate. See Brow v. City of New York, 391 F. App'x 935, 936 (2d Cir. 2010) (finding dismissal appropriate where Plaintiff caused a delay of nearly six months and was warned that such delay could result in dismissal).

---

[1] On July 15, 2011, one day after the deadline for objecting to the Report, Plaintiff submitted a letter and a doctor's note indicating that she has been suffering from depression and that should be "grounds for an extension." Reading the note liberally, this Court will treat this as an objection to the Report and finds it to be without merit.

## Conclusion

This Court adopts the Report and Recommendation. Plaintiff's complaint is dismissed without prejudice.

Dated: August 10, 2011
      New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge